# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEL MYRTLE,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF NEW JERSEY,<br><br>    Respondent. | Civil Action No. 14-7218-BRM<br><br>**MEMORANDUM AND**<br><br>**ORDER TO SHOW CAUSE** |

  **THIS MATTER** has been opened to the Court by Petitioner Joel Myrtle ("Petitioner"), upon the filing of his Amended Petition for a Writ of Habeas Corpus ("Amended Petition") (ECF No. 6) brought pursuant to 28 U.S.C. § 2254, and an application to proceed *in forma pauperis* ("IFP Application").[1] (ECF No. 4.) For good cause appearing, Petitioner's IFP Application is **GRANTED**, and the Court will screen the Amended Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons explained in this Memorandum and Order, the Court will direct Petitioner to **SHOW CAUSE** why his Amended Petition should not be dismissed as untimely and as a mixed petition under the Antiterrorism Effective Death Penalty Act ("AEDPA").

---

[1] This matter was originally assigned to the Honorable Joel A. Pisano and was subsequently transferred to the Honorable Freda L. Wolfson, then the undersigned. (ECF Nos. 8, 13.)

1

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This Court recounts only the facts necessary to this Memorandum and Order.[2] Petitioner's Judgment of Conviction ("JOC") is dated May 20, 2005. (ECF No. 12-1 at 28-29). Petitioner's Notice of Appeal was stamped "Received" on June 17, 2005. (Notice of Appeal (ECF No. 12-1) at 30.) On April 2, 2008, the Appellate Division affirmed Petitioner's conviction and sentence in an unpublished decision. *See State v. Myrtle*, No. A-5540-04T4, 2008 WL 860956, at *14 (N.J. Super. Ct. App. Div. Apr. 2, 2008). The Supreme Court denied certification on June 12, 2008. *State v. Myrtle*, 196 N.J. 85 (Jun. 12, 2008).

Petitioner subsequently filed a *pro se* petition for post-conviction relief ("First PCR"), which is dated March 15, 2010, and is stamped "Received" on May 19, 2010. (Pro-Se Petition for Post Conviction Relief (ECF No. 12-1) at 53-60.) It appears the First PCR was subsequently dismissed without prejudice by Order dated February 24, 2012, and Petitioner's original filing date was explicitly preserved in the Order. (Order dismissing First PCR (ECF No. 12-1) at 61.)

On September 16, 2014, Petitioner reinstated his PCR ("Second PCR"), which was stamped "Received" on September 23, 2014. (ECF No. 12-1 at 63-123; *see also* Brief in Support of Motion for PCR ("Counseled PCR Brief") (ECF No. 12-1) at 1-26.) Among other claims, Petitioner's Second PCR requests a new trial based on newly discovered evidence from a Department of Justice Investigation of the Newark Police Department. (ECF No. 12-1 at 15-23, Counseled PCR Brief, at 10-18; *see also* 12-1 at 73-123, Investigation of the Newark Police Department, United States Department of Justice Civil Rights Division, dated July 22, 2014.) It is not clear whether Petitioner has exhausted the claims raised in his PCRs, most notably the claim

---

[2] The Court relies on the state court record attached to Petitioner's July 14, 2016 submission to the Court. (*See* ECF No. 12 and attached documents.)

for newly discovered evidence, by raising the claims therein to every level of the state court. In a letter to this Court dated July 12, 2016, Petitioner appears to state his Second PCR was dismissed with prejudice by the Essex County Superior Court, but he has not attached the notice of dismissal or informed the Court as to whether he appealed the dismissal of his second PCR to the Appellate Division and New Jersey Supreme Court. (ECF No. 12.)

Petitioner's initial habeas Petition is dated November 16, 2014, and was docketed on November 18, 2014. (ECF No. 1.) The Court administratively terminated the matter because Petitioner did not pay the filing fee or use the correct form. Petitioner subsequently submitted an application to proceed *in forma pauperis* and an Amended Petition on the correct form. (ECF Nos. 4, 6.) The Amended Petition raises seven grounds for relief (ECF No. 6 at 6-17), and contains the required notice pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000). (ECF No. 6 at 17.)

**II.  STANDARD OF REVIEW**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254; Rule 4. Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (noting that a habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). As explained below, Plaintiff's Amended Petition appears to be subject to dismissal as certain claims are untimely and others are unexhausted.

3

## III. DECISION

### a. Timeliness

Under AEDPA, Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), the limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).

4

However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

A petitioner is only entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) for the time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, *Horn v. Fahy*, 534 U.S. 944 (2001).

Finally, the statute of limitations set out in § 2244(d)(1) is applied on a claim-by-claim basis. *See Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). Thus, "a late-accruing federal habeas claim" does not "open the door for the assertion of other claims that had become time-barred years earlier." *Id.* at 120.

Here, Petitioner's direct review concluded on September 10, 2008, ninety days after the New Jersey Supreme Court denied certification on June 12, 2008. Petitioner subsequently filed his First PCR, which is dated March 15, 2010, and was stamped "Received" on May 19, 2010. (ECF No. 12-1 at 53-60.) Thus, more than one year elapsed between the expiration of direct review and the date on which Petitioner submitted his First PCR. Even if the Court were to give Petitioner the benefit of the March 15, 2010 date, he filed his First PCR after the AEDPA limitations period had expired. Because Petitioner's limitations period expired before the filing of his PCR application, no statutory tolling applies to Petitioner's PCR review and the claims raised on direct appeal and

5

PCR appear untimely. *See, e.g.*, *Jesus v. D'Llio*, No. CV 14-6494 (CCC), 2017 WL 519242, at *2 (D.N.J. Feb. 8, 2017) (explaining same).

The Courts have recognized that the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). A petitioner must establish he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing to be eligible for equitable tolling. *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562–63 (2010)). Mere excusable neglect is not sufficient. *Id.* As summarized by the Third Circuit, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA's one-year statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Notably, "[t]his obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Ross*, 712 F.3d at 799 (citing *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005)). A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citation omitted).

In the timeliness section of the Amended Petition, Petitioner refers to "State interference" and the unavailability of transcripts as the reason for the untimeliness of his petition. (ECF No. 6

at 22.) His explanations are insufficient to warrant equitable tolling. Accordingly, Petitioner shall show cause why his Amended Petition should not be dismissed as untimely and may, within thirty (30) days, provide any arguments for equitable tolling that he would like the Court to consider.

   **b. Exhaustion**

In addition to timeliness concerns, several of Petitioner's claims appear to be unexhausted. In particular, Petitioner appears to raise a claim of newly discovered evidence premised on a Department of Justice Investigation of the Newark Police Department. Because this claim is purportedly premised on newly discovered evidence, it may not be untimely, *see* 28 U.S.C. § 2241(d)(1)(D); it is unclear, however, whether Petitioner has exhausted this claim to every level of the New Jersey courts. [3]

Under AEDPA, this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must

---

[3] The Court makes no determination at this time as to whether the alleged newly discovered evidence would trigger the limitations period under 28 U.S.C. § 2241(d)(1)(D).

present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir. 1976)); *see also Gould v. Ricci*, No. Civ. 10-1399 NLH, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine therefore requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts—that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. 838; *Rose v. Lundy*, 455 U.S. 509 (1982).

Federal district courts may not adjudicate mixed petitions, *i.e.*, petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 273 (2005). Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. If a stay is not warranted, then the petitioner may elect to delete the unexhausted claims. *See Gould*, 2011 WL 6756920, at *3. If he does not delete the unexhausted claims, then

the Court must either (a) dismiss the entire § 2254 petition as unexhausted, *id.* (citing *Rose*, 455 U.S. 509, or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). *See, e.g., Carrascosa v. McGuire*, 520 F.3d 249 255 (3d Cir. 2008).

In his submissions to the Court, Petitioner appears to contend that exhaustion is futile. (*See* ECF No. 6; ECF No. 12 at 2-14.) "Pursuant to 28 U.S.C. § 2254(b)(1), exhaustion is excused if a return to state court would be futile because of 'an absence of available State corrective process[,] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Lines v. Larkins*, 208 F.3d 153, 162–63 (3d Cir. 2000) Thus, as explained by the Third Circuit:

> "Futility" exists where: "a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those undergirding a federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse its field," (citing *Allen v. Attorney General of Maine*, 80 F.3d 569, 573 (1st Cir. 1996); where the state provides no means of seeking the relief sought, *Wallace v. Cody*, 951 F.2d 1170, 1172 (10th Cir. 1991), *Dawan v. Lockhart*, 980 F.2d 470, 475 (8th Cir. 1992); or where the state courts have failed to alleviate obstacles to state review presented by circumstances such as the petitioner's pro se status, poor handwriting and illiteracy, *Hollis v. Davis*, 941 F.2d 1471, 1473-1475, 1479 (11th Cir. 1991), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478 (1992).

*Id.* "Futility" may also be founds where the state court would refuse on procedural grounds to hear the merits of the claims; however, exhaustion may not be excused in this context unless state law clearly forecloses state court review of claims which have not previously been presented to a state court. *Id.* at 163 (citing (*Toulson v. Beyer*, 987 F.2d 984, 988-989 (3d Cir. 1993)). Here, Petitioner has not met the futility requirements by showing the absence of available state court corrective process or that the state court failed to alleviate obstacles to state review; rather, his futility

9

argument appears based on unsubstantiated allegations that his attorneys have thwarted his attempts to obtain relief on his claims. (ECF No. 12 at 2-4.)

Therefore, Petitioner shall have thirty (30) days to inform the Court as to which of the claims in his Amended Petition are duly exhausted – including the claim of newly discovered evidence. To the extent any of his claims are unexhausted, he may either delete these claims or request a stay to exhaust the claims in state court.[4]

**IT IS THEREFORE** on this 6th day of June 2018,

**ORDERED** that Petitioner shall **SHOW CAUSE** in writing within thirty (30) days of the date of this Order why the Amended Petition (ECF No. 6) should not be dismissed as untimely and as a mixed petition; failure by Petitioner to timely respond to this Order may result in the dismissal of the Amended Petition; and it is further

**ORDERED** within thirty (30) days of the date of this Order, Petitioner shall provide any arguments for equitable tolling that he would like the Court to consider; and it is further

**ORDERED** that within thirty (30) days of the date of this Order, Petitioner shall inform the Court as to which of his claims are unexhausted; to the extent his claims are unexhausted, Petitioner may choose to either (1) withdraw his unexhausted claims and have the Court rule on his exhausted claims; or (2) seek a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); and it is further

**ORDERED** that if Petitioner fails to respond to this Order, the Court will dismiss the Petition as untimely and/or as a mixed petition; and it is finally

---

[4] If Plaintiff seeks a stay, he must establish good cause for his failure to exhaust, show that his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278.

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

       */s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**