| | |
|---|---|
| JOEL MYRTLE,<br><br>     Petitioner,<br><br> v.<br><br><br>STATE OF NEW JERSEY,<br><br>     Respondent. | Case No. 3:14-cv-7218-BRM<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Amended Petition (ECF No. 6) for a writ of habeas corpus filed by Petitioner Joel Myrtle ("Petitioner"), and this Court's order directing petitioner to show cause why his petition should not be dismissed as either time barred or unexhausted. (ECF No 14.) Petitioner filed a response to that order. (ECF No. 15.) For the reasons expressed below, Petitioner's amended petition is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion and Petitioner is **DENIED** a certificate of appealability as to that dismissal.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As this Court summarized in the order to show cause:

> Petitioner's Judgment of Conviction ("JOC") is dated May 20, 2005. (ECF No. 12-1 at 28-29, JOC.) Petitioner's Notice of Appeal was stamped "Received" on June 17, 2005. On April 2, 2008, the Appellate Division affirmed Petitioner's conviction and sentence in an unpublished decision. *See State v. Myrtle*, No. A-5540-04T4, 2008 WL 860956, at *14 (N.J. Super. Ct. App. Div. Apr. 2, 2008). The Supreme Court denied certification on June 12, 2008. 196 N.J. 85 (Jun. 12, 2008.)

Petitioner subsequently filed a *pro se* petition for post-conviction relief ("First PCR"), which is dated March 15, 2010 and is stamped "Received" on May 19, 2010. It appears that the First PCR was subsequently dismissed without prejudice by Order dated February 24, 2012, and Petitioner's original filing date was explicitly preserved in the Order.

It appears that on September 16, 2014, Petitioner reinstated his PCR ("Second PCR"), which was stamped "Received" on September 23, 2014.

(ECF No. 14 at 2-3 (record citations omitted).) According to Petitioner's response to the Court's order to show cause, he had this second PCR "dismissed with prejudice by the Superior Court of New Jersey . . . [t]hen turned to the District Court" through his initial habeas petition. (ECF No. 15 at 12.) Petitioner did not appeal this dismissal, instead believing he was free to pursue his claims in this Court by claiming that exhaustion would have been futile. (*Id.*)

## II. STANDARD OF REVIEW

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254, Rule 4. Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (noting that a habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DECISION

As Petitioner appears to admit in his response to this Court's order to show cause, Petitioner's amended habeas petition is an unexhausted mixed petition as all of the claims raised only through his PCR petitions, including his alleged newly discovered evidence claim, have not been properly exhausted before the state courts. As this Court previously explained,

> Under AEDPA, this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir.1976)); *see also Gould v. Ricci*, No. CIV. 10-1399 NLH, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts – that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

> Federal district courts may not adjudicate mixed petitions, *i.e.*, petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 273 (2005). Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal

without prejudice would cause Petitioner to run afoul of the habeas statute of limitations, and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. If a stay is not warranted, then the petitioner may elect to delete the unexhausted claims. *See Gould*, 2011 WL 6756920, at *3; if he does not delete the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, *id.* (citing *Rose v. Lundy*, 455 U.S. 509 (1982), or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). *See, e.g., Carrascosa v. McGuire*, 520 F.3d 249 255 (3d Cir. 2008).

In his submissions to the Court, Petitioner . . . contend[s] that exhaustion is futile. "Pursuant to 28 U.S.C. § 2254(b)(1), exhaustion is excused if a return to state court would be futile because of 'an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Lines v. Larkins*, 208 F.3d 153, 162–63 (3d Cir. 2000) Thus, as explained by the Third Circuit:

> "Futility" exists where: "a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those undergirding a federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse its field," (citing *Allen v. Attorney General of Maine*, 80 F.3d 569, 573 (1st Cir. 1996); where the state provides no means of seeking the relief sought, *Wallace v. Cody*, 951 F.2d 1170, 1172 (10th Cir. 1991), *Dawan v. Lockhart*, 980 F.2d 470, 475 (8th Cir. 1992); or where the state courts have failed to alleviate obstacles to state review presented by circumstances such as the petitioner's pro se status, poor handwriting and illiteracy, *Hollis v. Davis*, 941 F.2d 1471, 1473-1475, 1479 (11th Cir. 1991), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478 (1992).

> *Id.* "Futility" may also be found[] where the state court would refuse on procedural grounds to hear the merits of the claims; however, exhaustion may not be excused in this context unless state law clearly forecloses state court review of claims which have not previously been presented to a state court. *Id.* at 163 (citing (*Toulson v. Beyer*, 987 F.2d 984, 988-989 (3d Cir. 1993)).

(ECF No. 14 at 7-9 (record citations omitted).)

In his response to the order to show cause, Petitioner does not appear to dispute that his claims are unexhausted, instead admitting he filed his initial petition in this Court without appealing the dismissal with prejudice of his second PCR petition. Instead, he reasserts his claim that exhaustion "will be futile and produc[e] no useful result." (ECF No. 15 at 3, 12). Petitioner bases this assertion on essentially the same argument which this Court previously rejected – his unsubstantiated allegations that his various attorneys thwarted his attempts to obtain relief on his claims. In addition to this previously rejected argument, Petitioner adds only his belief that, had he chosen to present his claims himself or through his assigned PCR attorneys, his claims would have been heard and addressed in an unfinished or unpolished format, they would have been denied as such, and his current habeas petition would have been decided based on the unpolished state court record. (*See* ECF No. 15 at 9). Petitioner therefore appears to believe that, simply because Petitioner was unwilling to either proceed with his assigned attorneys or proceed *pro se*, he should be permitted to evade the exhaustion requirement and proceed in the forum he prefers – this Court.

Petitioner's argument is utterly without merit. A Petitioner may not avoid exhausting his claims merely because he dislikes his assigned attorneys or refuses to proceed pro se in the state courts. Petitioner has not shown that further process was unavailable in the state courts, that the available state process in the form of appeals of his PCR were incapable of protecting Petitioner's federal constitutional rights, nor that there were sufficient obstacles which prevented Petitioner from pursuing his claims which the state courts failed to remove, and he has thus utterly failed to

show that exhaustion was futile in this case. *Lines*, 208 F.3d at 162–63. As Petitioner has failed to show that further state process was unavailable, and has in turn failed to show that any further seeking of relief in state court would have been futile, his petition remains an unexhausted mixed petition. As Petitioner has not chosen to proceed on only his exhausted claims and has declined to seek a stay in this Court so that he may return to the state courts and exhaust his claims, this Court must therefore dismiss Petitioner's amended petition without prejudice as Petitioner has failed to exhaust all of his claims. Because Petitioner's habeas petition is dismissed as unexhausted, this Court need not and does not reach the question of whether Petitioner's claims are time barred.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with this Court's conclusion that Petitioner's petition is unexhausted and that Petitioner's habeas petition should be dismissed without prejudice as a result, Petitioner's habeas petition is inadequate to deserve encouragement

to proceed further at this time, and Petitioner is denied a certificate of appealability as to this Court's dismissal of his petition.

**IV.**     **CONCLUSION**

Accordingly, Petitioner's amended habeas petition is **DISMISSED WITHOUT PREJUDICE** as an unexhausted mixed petition, and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**